# Appendix / Exhibits

APP. 001

I, Michael Mirando, declare:

1. That I was the defendant in the matter US v. Mirando, CR 16-215-PA.

2. I was convicted in April 2017, and eventually resentenced to 87 months in prison.

3. I was released from federal custody on June 22, 2022 and am currently serving a three-year supervised release term.

4. On several occasions, I demanded to take the stand on my defense since I knew this case better than anyone. On each occasion, I was told that I could not take the stand. The email dated 03/17/2017 is an email from my trial attorney instructing me such. I received another email on 4/18/2017 again not allowing me to take the stand.

5. I was remanded into custody during voir dire. The trial attorney never advised me of the expected conduct in regards to jurors and witnesses.

6. My attorney refused or failed to object to me being remanded into custody.

7. During trial, my attorney refused or failed to visit me at the MDC.

8. The email dated 11/01/2016 is a true and accurate email between myself and trial counsel.

9. The email dated 11/03/2016 is a true and accurate email between myself and trial counsel.

APP. 002

10. The email dated 11/06/2016 is a true and accurate email between myself and trial counsel.

11. The email dated 01/27/2017 is a true and accurate email between myself and trial counsel.

12. The email dated 03/02/2017 is a true and accurate email between myself and trial counsel.

13. The email dated 03/17/2017 is a true and accurate email between myself and trial counsel.

14. The email dated 04/03/2017 is a true and accurate email between myself and trial counsel.

15. The email dated 04/04/2017 is a true and accurate email between myself and trial counsel.

16. The email dated 04/12/2017 is a true and accurate email between myself and trial counsel.

17. The three emails dated 04/18/2017 are true and accurate emails between myself and trial counsel.

18. The email dated 04/23/2017 is a true and accurate email between myself and trial counsel.

19. On April 3, 2017 I was offered a plea deal by the government, but it was never explained. At that time, I was misled to believe that counsel had

APP. 003

reviewed the discovery and he did not believe that the plea deal was a good idea. I was unaware at the time, that the expert would not be taking the stand.

20. Despite repeated requests, trial counsel refused or failed to contact the software creator for the hardware unit that was used to compile patient reports.

21. I am informed and believe that it would have been pertinent that the software creator did testify since the software was able to provide some of the functionality that the government alleged that it could not do.

22. I was not made aware that trial counsel was not going to have the expert as a witness until 4/12/2017.

23. I had paid the expert witness approximately $51,000.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 5th day of June, 2023.

/s/ Michael Mirando
Michael Mirando

APP. 004

DECLARATION OF MICHAEL S. DEVEREUX

I, Michael S. Devereux, declares as follows:

1. I am a California licensed attorney admitted to the Ninth Circuit, the Central District of California, the Northern District of California, the Southern District of California and the Eastern District of California. I am the attorney of record in this matter. I am over the age of 18 and the matters set forth herein are within my own personal knowledge and if called as a witness I could and would competently testify to the contents hereof.
2. On or about, January 24, 2023 an email was sent from my office to trial counsel requesting a copy of the file. Trial counsel claimed that he turned over everything to the appellate counsel and sentencing counsel.
3. Trial counsel suggested to review the docket for the names of subsequent counsel.
4. I did locate the names of attorneys Ed Robinson, James Spertus, John Hanusz and Joshua Weiss. Each were contacted. I was able to rebuild Mr. Miranda's file.
5. However, no notes from trial or during the discovery phase were found. No emails were found. The file from trial counsel was either incomplete or never existed in the first place. All that was provided were documents that were filed in court, which appears to be extremely limited, for example no voir dire was ever filed. Apparently, no notes from any discovery review exists.
6. There was a six page preliminary report completed by the expert witness on or about March 1, 2017. However, it was extremely incomplete.
7. There appears to have been no further preparation for trial.
8. It also appears that trial counsel never discussed conduct in front of a jury with the defendant. Typically, my experience through the years is that trial counsel always forewarns the client not to make eye contact with jurors or anyone that looks like a juror or witness, not to greet with jurors or anyone that looks like a juror, and definitely don't use the same facilities as the jurors.

I declare the foregoing to be true and correct under penalty of perjury of the laws of the United States. EXECUTED on June 5, 2023 at Beverly Hills, California.

*Michael S. Devereux*

Michael Devereux